UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAMMIE MOONEY, individually,        )
AMELIA MOONEY, HANRY MOONEY,        )
and Z.M., a minor, by and through her   )        Cause No.:
Next Friend SAMMIE MOONEY           )
                                    )        Missouri Circuit Court of the
        Plaintiffs,                 )        City of St. Louis
                                    )        Missouri Cause No.: 2622-CC01039
v.                                  )
                                    )        **JURY TRIAL DEMANDED**
TRAVELERS INDEMNITY COMPANY         )
                                    )
        Defendant.                  )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 et seq., Defendant The Standard Fire Insurance Company (improperly named as Travelers Indemnity Company) files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court of the City of St. Louis, and in support of this Notice states:

1.      This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2.      Plaintiffs' Petition alleges claims for breach of contract and vexatious refusal to pay and is a controversy between citizens of different states. (Exhibit A, Plaintiffs' Petition).

3.      "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'"

1

*Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Id.*

4.　　Citizenship of an individual person is established by the person's physical residence and the intent to remain in that state. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005)(physical presence plus intent to remain establishes citizenship). *See also, Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990)(an individual is a citizen of the state in which he is domiciled and domicile is determined by residency plus the intent to remain).

5.　　When determining whether a person has an intent to remain in a state, Courts will look to the "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017)(quoting *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir 1965)); *see also Techno-TM, LLC v. Fireaway, Inc.*, 928 F.Supp.2d 694, 697 (S.D.N.Y. 2013)(location of the person's residence, real and personal property, payment of taxes, voting registration, and location of spouse and children among others considered in determining intent to remain).

6.　　Plaintiffs' Petition asserts that all named Plaintiffs are citizens and residents of the State of Missouri. (Exhibit A, ¶¶ 1-5); see Cross Keys Pub. Co., Inc. v. LL Bar T Land & Cattle Co., Inc., 887 F. Supp. 219, 223 (E. D. Mo. 1995)(factual assertions in pleadings are binding admissions).

7.    Additionally, Plaintiffs represented to the Court that they live at addresses located in St. Louis, Missouri, and that Plaintiff Sammie Mooney is the father of Minor Plaintiff Z.M., and was appointed Next Friend by the Circuit Court of St. Louis. (Exhibit B, Casenet Parties & Attorneys Page; Exhibit C, Plaintiff's Motion to Appoint Next Friend; Exhibit D, Order Appointing Next Friend).

8.    Plaintiff Sammie Mooney is a registered voter in St. Louis County, Missouri, and first registered as a voter in St. Louis County in 2008 while remaining a registered voter in St. Louis County, Missouri. (Exhibit E, Sammie Mooney Voter Registration Records).

9.    Plaintiff Amelia Mooney is a registered voter in St. Louis County, Missouri, and first registered as a voter in St. Louis County in 2024 while remaining a registered voter in St. Louis County, Missouri. (Exhibit F, Amelia Mooney Voter Registration Records).

10.    Plaintiff Sammie Mooney owns a parcel of land located in St. Louis, Missouri, and has since at least 2016. He has paid real estate taxes in Missouri for that parcel of land located in St. Louis, Missouri (Exhibit G, Sammie Mooney Real Estate Tax Records). Additionally, he pays taxes on personal property in Missouri (Exhibit H, Sammie Mooney Personal Property Tax Records).

11.    Plaintiff Hanry Mooney pays taxes on personal property in Missouri which lists a St. Louis, Missouri address. (Exhibit I, Hanry Mooney Personal Property Tax Records).

3

12.     Plaintiffs' allegations along with the records attached hereto, demonstrate Plaintiffs are registered to vote in Missouri, have designated their addresses as being located in Missouri, own real property and/or personal property in Missouri, and/or have paid taxes on said property in Missouri. These facts demonstrate that Plaintiffs currently reside in Missouri and intend to remain in Missouri Indefinitely. *Altimore*, 420 F.3d at 768. Thus, Plaintiffs are domiciled in Missouri, and therefore, citizens of Missouri. *Id.*

13.     A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's highest-level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend¸* 559 U.S. 77, 78, 95-96 (2010).

14.     Defendant is incorporated in Connecticut. (Exhibit J, Affidavit of Ashlee Starklauf, ¶ 3). Defendant's principal place of business is located in Hartford, Connecticut. (Exhibit J, ¶ 4). Defendant is, therefore, a citizen of Connecticut for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. at 92-93 (corporation is citizen of state of incorporation and where its principal place of business is located).

15.     Plaintiffs are citizens of a state that is completely diverse from the Defendant and Defendant is not a citizen of the forum state. Therefore, this action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. *See also*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005)(holding that defendant may

4

remove an action based on diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

16.     Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

17.     Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014).

18.     Each Plaintiff previously sent a demand letter to Defendant seeking to settle their claims for "Policy Limits" which summarize their alleged injuries: past, ongoing, and future. (Exhibit K, Sammie Mooney Demand Letter; Exhibit L, Hanry Mooney Demand Letter; Exhibit M, Amelia Mooney Demand Letter; Exhibit N, Z.M. Demand Letter).

19.     Plaintiffs' Petition alleges the subject insurance policy provides uninsured motorist coverage in the amount of $100,000 per person and $300,000 per occurrence. (Exhibit A, ¶ 22).

20.     Plaintiffs' Petition contains a prayer for damages in excess of $25,000. (Exhibit A). However, the amount in controversy exceeds $75,000 because Plaintiffs' Petition asserts that each Plaintiff "suffered significant and permanent injuries resulting from the collision" and each Plaintiff made "Policy Limit" demands on a policy with

$100,000 per person / $300,000 per occurrence limits. (Exhibit A, ¶¶ 31-34; Exhibit K; Exhibit L; Exhibit M; Exhibit N). Plaintiffs' Petition also seeks statutory damages pursuant to RSMo. §375.420, among other damages. (Exhibit A). Therefore, the amount in controversy exceeds $75,000.

21.     This civil action is between completely diverse citizens (citizens of the State of Missouri and the State of Connecticut). Further, the amount in controversy exceeds $75,000.  As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

22.     This case has not been pending for more than a year and the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

23.     The improperly named Defendant was served with Plaintiffs' Petition on April 24, 2026. (Exhibit O, Return of Service). Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after service.

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3-2.07 because this action was originally filed in the Circuit Court for the City of St. Louis, Missouri, which is included in this Court's judicial area.

25.     A true and correct copy of all process papers, exhibits, pleadings, and orders filed with the state court in this action is attached hereto as Exhibit P.

26.     Attached as Exhibit Q is the Eastern District Court of Missouri Cover Sheet.

27.     Attached as Exhibit R is the Original Filing Form.

WHEREFORE, Defendant The Standard Fire Insurance Company (improperly named as Travelers Indemnity Company) prays that the above-captioned matter be

removed from the Missouri Circuit Court of the City of St. Louis, Missouri, and to the

United States District Court, Eastern District, Eastern Division.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE**

*/s/ Tom A. Kammerer*

Tom A. Kammerer          62989MO
100 S. 4th Street, Suite 900
St. Louis, MO 63102
Telephone:  (314) 345-5000
Facsimile:  (314) 345-5055
Email:  tkammerer@bakersterchi.com

and

Wm. Clayton Crawford      41619MO
2400 E. Pershing, Suite 500
Kansas City, MO 64108
Telephone: (816) 427-7474
Facsimile:  (816) 427-2424
Email:  ccrawford@bakersterchi.com
**ATTORNEYS FOR DEFENDANT**

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the Court's electronic filing system and via email on this 26th day of May 2026, on the counsel of record.

Gregory D. Vescovo, Jr #63302
**Morgan & Morgan, P.A.**
200 N. Broadway, Suite 720
St. Louis, MO 63102
Tel: 314-955-1036
Fax: 314-955-1060
Email: gvescovo@forthepeople.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Tom A. Kammerer*
***Attorneys for Defendant***

8